# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Axxon International, LLC | ) | ASBCA Nos. 59497, 59498 |
| | ) | |
| Under Contract No. W9124C-13-P-0060 | ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Randy Lenz
     Principal

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
     Army Chief Trial Attorney
     CPT Lyn P. Juarez, JA
     Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE NEWSOM
## AFFIRMING JURISDICTION

On 29 October 2014, the Board *sua sponte* requested the parties to provide their views regarding the Board's jurisdiction to entertain these appeals. In ASBCA No. 59497, appellant Axxon International, LLC (Axxon), challenges the government's decision to terminate for cause Contract No. W9124C-13-P-0060, a propane supply contract. In ASBCA No. 59498, Axxon appeals the government's denial of a claim for payment allegedly due for propane deliveries.

After some exchanges, both parties eventually took the position that the Board possesses jurisdiction to entertain each appeal (app. ltrs. dtd. 10 Nov. 2014, 21 Nov. 2014; government's partial motion to dismiss for lack of jurisdiction (gov't mot.); gov't ltr. dtd. 24 Nov. 2014). For the reasons explained below, the Board agrees that it possesses jurisdiction to entertain each appeal.

## STATEMENT OF FACTS (SOF)

1. On 27 January 2014, the contracting officer issued a written decision terminating Axxon's contract for cause (R4, tab 16). The decision document stated it was a "final decision [of] the Contracting Officer" and notified Axxon of its right to appeal either to "the agency board of contract appeals" or to the U.S. Court of Federal Claims (*id.* at 1-2).

2. On 3 March 2014, Axxon, which is not represented by counsel, submitted what it characterized as "an appeal of the wrongful termination of Contract" and included a demand for money damages totaling $21,747.78 (R4, tab 19, ¶ 1). Instead of submitting this document to the Board or to the U.S. Court of Federal Claims,

however, Axxon submitted it to the U.S. Army Materiel Command, Office of the Command Counsel (Command Counsel) (*id.*).

3. Axxon stated that it thought the Command Counsel was an appropriate recipient because the solicitation advised that if it had "complaints about this procurement," it could "protest to Headquarters (HQ), Army Materiel Command (AMC)" (app. ltr. dtd. 10 Nov. 2014 at 1). Command Counsel treated the submission as a contractor claim and forwarded it to the contracting officer (R4, tab 22).

4. On 16 May 2014, the contracting officer issued a written decision denying the monetary claim and declining to reconsider the termination, again with a notification of appeal rights (R4, tab 22). A U.S. Postal Service tracking sheet shows that Axxon received delivery of the contracting officer's decision on 19 May 2014 (gov't mot., ex. 1, USPS tracking detail).

5. Axxon submitted notices of appeal to the Board, challenging both the termination and the denial of its monetary claim. Axxon transmitted the notices by a commercial delivery company, and the Board received them on Monday, 18 August 2014. (App. ltr. dtd. 10 Nov. 2014, ex. 1, UPS tracking detail) The appeal of the termination decision was docketed as ASBCA No. 59497. The appeal of the decision on the monetary claim was docketed as ASBCA No. 59498.

6. Under the Contract Disputes Act, the Board has jurisdiction only if an appeal is taken within 90 days of the contractor's receipt of the contracting officer's final decision. *Cosmic Construction Co.*, ASBCA No. 26537, 82-1 BCA ¶ 15,541, *aff'd*, 697 F.2d 1389 (Fed. Cir. 1982). While the timeline for each appeal was similar, each presented slightly different jurisdictional concerns.

## DECISION

### ASBCA No. 59497: Termination Appeal

ASBCA No. 59497 presents the familiar issue of a misdirected appeal. Axxon submitted a document purporting to be an appeal from the 27 January 2014 termination decision, but submitted it to Command Counsel instead of the Board.

On similar facts, this Board has held that a misdirected appeal sent to agency counsel in timely fashion is not fatal to jurisdiction. *Brunner Bau GmbH*, ASBCA No. 35678, 89-1 BCA ¶ 21,315; *see also J.E. McAmis, Inc.*, ASBCA No. 54455 *et al.*, 04-2 BCA ¶ 32,746; *Thompson Aerospace, Inc.*, ASBCA Nos. 51548, 51904, 99-1 BCA ¶ 30,232; *Contraves-Goerz Corp.*, ASBCA No. 26317, 83-1 BCA ¶ 16,309.

Axxon's 3 March 2014 letter was transmitted to Command Counsel on 3 March 2014, amply within 90 days after the 27 January 2014 contracting officer's termination

2

decision. The record does not show when Axxon received the 27 January 2014 decision, but even if Axxon received it the day it was issued, its 3 March 2014 appeal would still have been timely. Also, the submission expresses dissatisfaction with the termination and an intention to appeal, stating that it is "an appeal of the wrongful termination" of the contract (SOF ¶ 2).

Accordingly, we affirm that the Board possesses jurisdiction to entertain ASBCA No. 59497.

### ASBCA No. 59498: Monetary Claim Appeal

The issue with respect to ASBCA No. 59498 is whether Axxon's appeal was taken within 90 days after its receipt of the 16 May 2014 contracting officer's decision.

Initially, some confusion existed over the date that Axxon received the contracting officer's decision (gov't mot. ¶ 20; app. ltr. dtd. 21 Nov. 2014). Further review of a USPS tracking sheet, however, confirmed that Axxon received delivery of the decision on 19 May 2014 (gov't mot., ex. 1, USPS tracking detail). Accordingly, to be timely, Axxon had to appeal within 90 days after 19 May 2014.

The 90th day after 19 May 2014, was 17 August 2014, a Sunday. Pursuant to Board Rule 5(b), in computing any period of time, if the last day of the period is a Saturday, Sunday, or Federal holiday, that day is not counted and the period will run to the next business day. The next business day after 17 August 2014 was 18 August 2014, a Monday. The Board received Axxon's notice of appeal on 18 August 2014 (SOF ¶ 5). Because the Board received the appeal on 18 August 2014, by rule the 90th day after the contractor's receipt of the final decision, the appeal is timely.

### CONCLUSION

The Board affirms that it possesses jurisdiction to entertain both appeals.

Dated: 21 January 2015

ELIZABETH W. NEWSOM
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59497, 59498, Appeals of Axxon International, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4